UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH OCTAVIUS WALLACE,<br><br>    Plaintiff,<br><br>v.<br><br>CMS, DAVID PAULSON, KATHY REID, BARBARA NELSON, STEPHEN J. CRAONE, RACHEL AMUNDSON, and MIKE KEAPPROTH,<br><br>    Defendants. | Civil No. 09-1390 (PAM/JSM)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner at the Minnesota Correctional Facility at Oak Park Heights, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) Plaintiff did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated June 15, 2009, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $20.00, as required by 28 U.S.C. § 1915(b)(1).

Plaintiff recently paid his initial partial filing fee, (Docket No. 6), and thus the matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's Complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A.

## I. BACKGROUND

Plaintiff is attempting to sue seven agents and employees of the Minnesota Department of Corrections. The substantive allegations of Plaintiff's Complaint, repeated verbatim and in their entirety, are as follows:

> "On 07/23/2007 I did not inicidue [sic] the incident; I got attacted [sic] (ambushed) and should have been taken to the Hospital for [MRI] instead: I was unconscious and awakened in Health Services being snitched up by Dr. Craane and then taken to segregation for (72) hours of pain/suffering. Exibit [sic] (A) report attached.

(Complaint, [Docket No. 1], p. 3, § IV.)

In the "Relief" section of the Complaint, Plaintiff indicates that he is seeking "compensatory/punitive damages for $50,000 dollars against each defendant, jointly." (Id. § V.) The Complaint further states, "Claim of Relief attached with complaint." (Id.)

No documents, attachments or exhibits were submitted with the Complaint, and nothing in the Complaint sheds any further light on the factual or legal basis for Plaintiff's lawsuit against the named Defendants.

Several days after the Complaint was filed, the Clerk's Office received approximately 80 pages of additional documents from Plaintiff. (Docket No. 4.) Those documents, [hereafter "the Exhibits"], include copies of court papers from another action that Plaintiff apparently has attempted to bring in a Minnesota state court. The Exhibits also include various prison grievance forms and medical records. Plaintiff has not explained why he filed the Exhibits, and their relevance to the present action is not self-evident.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his Complaint must undergo preliminary screening pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), requires federal

2

courts to review the pleadings in every prisoner civil action against governmental entities and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a Complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (to state an actionable civil rights claim, a Complaint must describe what, specifically, each named defendant did, or failed to do, that allegedly violated the claimant's constitutional rights); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimants must plead facts showing the defendant's <u>personal</u> involvement in alleged constitutional wrongdoing). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and

3

direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same).

Here, Plaintiff has not pleaded an actionable civil rights claim because his Complaint does not allege any violation of his constitutional rights.  Indeed, the Court finds no reference to the federal Constitution in Plaintiff's Complaint, nor does the Complaint cite any other legal basis for Plaintiff's lawsuit. Furthermore, the Complaint does not describe anything that any Defendant personally did (or failed to do) that could be viewed as a violation of Plaintiff's federal constitutional rights.  Indeed, the only Defendant who is even mentioned in the substantive allegations of the Complaint is Dr. Craane, and the only allegation pertaining to him is that he "snitched up" Plaintiff.  The Complaint says nothing more about Dr. Craane (much less what he did wrong), and it says nothing at all about any of the other Defendants who are listed in its caption.

The Exhibits that Plaintiff filed several days after he filed his Complaint do not shed any meaningful light on the factual or legal basis for his claims against the named Defendants.  Those documents describe various medical treatment that Plaintiff has received in prison, which seems to suggest that Plaintiff might be trying to sue Defendants for violating his rights under the Eighth Amendment to the Constitution.  However, Plaintiff has clearly failed to plead an actionable Eighth Amendment claim against any of the named Defendants. Even with the benefit of liberal construction, Plaintiff's Complaint and Exhibits do not describe any specific acts or omissions by any of the named Defendants, which could be viewed as a violation of Plaintiff's rights under the Eighth Amendment, or under any other part of the Constitution.

## III.    CONCLUSION

The requirements for pleading an actionable claim for relief are fairly simple and straightforward.  A claimant is only required to plead a set of historical facts showing some specific acts or omissions by each named Defendant, which, if proven true, would cause each such Defendant to be liable to the claimant under some specified legal principle. However, Plaintiff's current submissions do not come close to meeting this standard.  Thus, the Court finds that Plaintiff has failed to state a cause of action on which relief can be granted, and that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

Because Plaintiff has failed to plead an actionable claim for relief, his application for leave to proceed in forma pauperis, (Docket No. 2), must be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[1]  To date, he has paid only $20.00, so he still owes $330.00.  Prison officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).  Finally, the Court will recommend that the dismissal of this action count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

---

[1] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."   In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**IV. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $330.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: June 30, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 20, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.